EDWARD H. CHASE *vs.* HENRY MAYO & others.

Suffolk. November 23, 1876. COLT, AMES & ENDICOTT, JJ., absent.

An official inspector of fish, who brands the packages of fish, packed by him in his business, with his official brand, does not thereby gain a private right in the brand as a trade-mark.

TORT. The declaration was as follows: "And the plaintiff says he is engaged in the business of packing and selling fish in the city of Portland and State of Maine, and that he is also a deputy inspector of fish for said city of Portland, duly appointed and qualified under the laws of said state, and that, as such deputy inspector, before and at the time of the acts of the defendants below complained of, he was accustomed to inspect the fish packed by him in his business, as required by the laws of said state, and to brand upon the packages thereof, as required by said laws, a brand, showing his own name as deputy inspector, and the quality of the fish contained therein, all which he was authorized to do under the laws of said state, and no other person was so authorized, or had a right to use said brand. And he says that, for a long time before and at the time of the acts of the defendants below complained of, he was accustomed to sell and did sell for profit great quantities of fish so packed, in-

spected and branded by him, and that before and at said time the fish so packed, inspected and branded by him had acquired great reputation with the public on account of the excellent quality thereof, to the great gain and profit of said plaintiff.

"And he further says that said defendants, well knowing the premises, but wrongfully intending to injure him in his said sale of fish, packed, inspected and branded by him as aforesaid, and to deprive him of said gain and profit resulting therefrom, did, at various times before the commencement of this suit, wrongfully, knowingly and fraudulently, against the will and without the knowledge or consent of said plaintiff, brand or cause to be branded a large number of packages of fish with a brand precisely similar in appearance to that used by said plaintiff in the exercise of his office as deputy inspector, and in the course of his business, in order to denote that the packages of fish so branded by them were packed, inspected and branded by said plaintiff; and that said defendants did knowingly, wrongfully and fraudulently sell said packages of fish so branded by them, for their own gain and profit, as and for packages of fish which had been packed, inspected and branded by said plaintiff, whereas, in fact, said plaintiff had never packed, inspected nor branded the same, nor any part thereof; by reason of which premises said plaintiff has been wrongfully and fraudulently hindered and prevented by said defendants from selling a large number of packages of fish packed, inspected and branded by him as above, which he would otherwise have sold, and has also been deprived of the profits which would otherwise have resulted therefrom.

"And said plaintiff further says that the packages of fish wrongfully and fraudulently branded by said defendants as aforesaid, and by them sold as and for fish packed, inspected and branded by him as aforesaid, were inferior in quality and in weight to the fish really packed, inspected and branded by him; and that by the wrongful and fraudulent imitation of his brand by said defendants, and their said sale of fish so wrongfully and fraudulently branded, as and for fish packed, inspected and branded by him, a great number of persons were induced to buy said fish of inferior quality and weight, under the belief that they were in fact packed, inspected and branded by him; by reason of which premises the reputation with the public of the fish

packed, inspected and branded by him has been very greatly injured, and that he has thereby been prevented from selling large quantities of said fish, and has been deprived of the profits which would have resulted therefrom, and has been otherwise greatly injured in his business.

"And said plaintiff further says that the packages of fish wrongfully and fraudulently branded by said defendants as aforesaid, and by them sold as and for fish packed, inspected and branded by him as aforesaid, contained fish of a less weight than required by law, and of a quality inferior to that stated in the brand upon said packages; and that by said wrongful and fraudulent imitation of his said brand by said defendants, and the use thereof upon packages of fish of short weight and inferior quality to that stated thereupon as above, and by the sale by said defendants of said packages so branded as and for packages of the proper weight and quality packed, inspected and branded by him, a great number of persons were induced to buy said fish of short weight and inferior quality as above, under the belief that they had been in fact packed, inspected and branded by him as and for packages of the proper weight and quality; by reason whereof he has been greatly injured in his reputation as a packer of and dealer in fish and as a deputy inspector of fish, and has suffered great damage to his character and in the exercise of his office, and to his business."

The defendants demurred to the declaration. The Superior Court sustained the demurrer, and ordered judgment for the defendants; and the plaintiff appealed to this court.

*F. Dodge,* for the plaintiff, was first called upon.

*M. F. Dickinson,* for the defendants, was not called upon.

BY THE COURT. Upon the facts alleged in the declaration, the mark used by the plaintiff was his official brand as a public officer, and could not be his private trade-mark, in which he could claim property for his own benefit.

*Judgment for the defendants affirmed.*